UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE MYERESS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>USA WORLD BUSINESS SERVICE, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-05236-YGR (SK)<br><br>**REPORT AND RECOMMENDATION RE APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Regarding Docket No. 16 |

　　　　Plaintiff Joe Myeress filed a complaint against Defendant USA World Business Service, Inc. for infringing upon Plaintiff's copyright. Defendant did not respond to the Complaint, and the Clerk entered default pursuant to Fed.R.Civ.P. 55(a). Plaintiff now brings a motion requesting entry of a default judgment in his favor, including issuance of a permanent injunction and award of statutory damages. An order referring the case to this Court for a report and recommendation for default judgment was issued by Judge Gonzalez Rogers. For the reasons stated below, the Court RECOMMENDS that the motion be GRANTED.

## BACKGROUND

**A.　　Factual Background**

　　　　Plaintiff is a professional commercial photographer living in Florida. (Dkt. 1 (Complaint), ¶ 2; Dkt. 17 (Dec. of J.Myeress), ¶ 1.) Among the photographs authored by Plaintiff is the photographic image of a sunrise cityscape (the "Copyrighted Work"), attached as Ex. A to the Complaint. (Dkt. 1, ¶ 9; Dkt. 17, ¶ 2.) Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work, including the exclusive rights to reproduce, display and distribute the Copyrighted Work. (Dkt. 1, ¶¶ 10, 12; Dkt. 17, ¶¶ 2, 5.) Plaintiff obtained a timely registration with the United States Copyright Office for a collection of photographic images titled, "Group

Registration Photos, Joe Myeress 2009, Published approx. Jan. 03, 2009 to Nov. 07, 2009; 59 photos," which included the Copyrighted Work (identified in the copyright registration as IMG_0221_2_3). (Dkt. 1, ¶ 11; Dkt. 17, ¶3.) Certification for Registration Number VA 1-955-450 by the United States Copyright Office includes the Copyrighted Work. (Dkt. 1, ¶ 11; Dkt. 17, ¶¶ 3, 4.) When displaying the Copyrighted Work on his website, Plaintiff included a watermark identifying himself as photographer that was used as copyright management information ("CMI") for purposes of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* (Dkt. 1, ¶¶ 13, 14.)

Defendant operates a website located at the URL http://usawbs.com, where Defendant offers organized tours in the United States. (Dkt. 1, ¶ 15.) In May 2016, Defendant infringed upon Plaintiff's copyright by reproducing and displaying the Copyrighted Work on its website for commercial purposes without Plaintiff's authorization and without paying for its use. (*Id.,* ¶¶ 17, 22) In reproducing the Copyrighted Work, Defendant removed the watermark and CMI. (*Id.,* ¶ 20.) (The unauthorized distribution and public display of the Copyrighted Work shall be referred to as the "Infringing Works.")

Plaintiff derives a significant portion of his revenue from licensing his photographs. (Dkt. 17, ¶ 9.) While the usual fee for licensing the right to make commercial use of similar photographs ranges from $3,000 to $5,000, Plaintiff licensed the Copyrighted Work on other occasions in a range from $1,700 for a single use on a website for a year to $12,000 for use on a website for two interrelated companies after unauthorized use was discovered. (*Id.,* ¶¶ 6, 7.) Plaintiff claims that he would have charged at least $4,000 to Defendant for use over one year. (*Id.,* ¶ 8.)

On July 7, 2016, Plaintiff's attorney sent a letter to Defendant demanding that the Infringing Works be removed from Defendant's website and that Defendant compensate Plaintiff for the unauthorized use of the Copyrighted Work. (Dkt. 1, ¶ 23; Dkt. 16-8 (Dec. of S. Crowley), ¶ 14.) Although Defendant removed the Infringing Works from its website, Defendant did not respond to the demand letter. (Dkt. 1, ¶ 24; Dkt. 16-8, ¶ 15.) On July 18, 2016, Plaintiff's attorney contacted the Defendant's general manager, Alexander Rozkin, to discuss Plaintiff's demands. (Dkt. 1, ¶ 25; Dkt. 16-8, ¶16.) Mr. Rozkin stated that he would not respond to the

1  demand letter and would not pay compensation for Defendant's use of the Copyrighted Work.
2  (Dkt. 1, ¶ 26; Dkt. 16-8, ¶16.)

### B. Procedural Background

Plaintiff filed this action on September 13, 2016. (Dkt. 1.) Plaintiff attempted to serve Defendant at the location of the registered agent for service of process according to the California Secretary of State on six occasions. (Dkt.16-4 (Decl. of Christopher Yeh), Ex. B.) Therefore, Plaintiff served by substitute service pursuant to California Code of Civil Procedure § 415.20(a) and Fed.R.Civ.P. 4(h)(1)(A) and 4(e)(1) by personally delivering a copy of the papers at Defendant's place of business, leaving them with a person in charge and mailing by first–class mail, postage prepaid, to the same address. (Dkts. 9, 16-2, ¶2.) Defendant did not file a response to the complaint. The Clerk entered default against Defendant on December 16, 2016. (Dkt. 13.) Plaintiff brought this motion on January 20, 2017. (Dkt. 16.) The matter was referred for report and recommendation on January 25, 2017. (Dkt. 19.) The deadline to oppose the motion passed without a response.

## ANALYSIS

### A. Jurisdiction

When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has the affirmative duty to look into its jurisdiction over the subject matter and the parties. *In re Tuli,* 172 F.2d 707, 712 (9th Cir. 1999). Here, Plaintiff asserts a claim for damages and injunctive relief under the copyright laws of the United States and therefore, this Court has jurisdiction under 17 U.S.C. § 101 *et seq.;* 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

Personal jurisdiction over Defendant, a California corporation that maintains in San Francisco, California, is proper. Venue is proper in this Court because Defendant maintains an office and conducts business in this district. 28 U.S.C. § 1391.

### B. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment against a defendant following entry of default by the clerk under Rule 55(a). "The district court's

1  decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). To assist the courts in determining whether default judgment is appropriate, the Ninth Circuit enumerated the following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Nishimatsu Construction Co. v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

**C.  *Eitel* Factors**

**1.  Prejudice to Plaintiff and Policy for Decisions on the Merits**

To the extent that Defendant has benefited from the use of Plaintiff's Copyrighted Works and refused to compensate for such use, Plaintiff will be prejudiced if the Court does not enter default judgment in his favor. Further, while federal policy favors decisions on the merits, the circumstances surrounding this case indicate that default judgment under Fed.R.Civ.P. 55(b) is proper, because entry of default judgment, in situations where a defendant refuses to litigate, is appropriate. *See Microsoft Corp. v. Ricketts,* 2007 WL 1520965 at *3 (N.D.Cal. 2007).

**2.  Merits of the Claim and Sufficiency of the Complaint**

Plaintiff's claim for copyright infringement is asserted under 17 U.S.C. § 101 *et seq*. To prove copyright infringement, Plaintiff must establish (1) ownership of the Copyrighted Work and (2) that Defendant's copying of work protected under 17 U.S.C. § 106. *Vernor v. Autodesk, Inc.,* 621 F.3d 1102, 1106 (9th Cir. 2010); 17 U.S.C. § 106(1); *Perfect 10, Inc. v. Yandex N.V.*, 962

F.Supp.2d 1146, 1152 (N.D. Cal. 2013).[1]  Taking Plaintiff's allegations as true, Plaintiff has established ownership of the Copyrighted Work and the right to reproduce the Copyrighted Work as provided in section 106(1).  Further, Defendant's conduct in removing the image and stating that Defendant refused to pay for the use is likewise indicative of infringement.

Plaintiff's claim for relief for violation of the Digital Millennium Copyright Act is brought pursuant to 17 U.S.C. § 1202.  Section 1202(b) provides in relevant part that:

> No person shall without the authority of the copyright owner or the law –
>
> (1) intentionally remove or alter any copyright management information,
>
> (2) distribute or import for distribution copy, or
>
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable facilitate, or conceal an infringement of any right under this title.

Section 1202 also defines "copyright management information" as "information conveyed in connection with copies …or displays of work, including in digital form," e.g., the name of the author.  17 U.S.C. § 1202(c).

Accepting Plaintiff's allegations as true, Defendant removed the watermark and CMI in the Copyrighted Work in order to display the work on its own website, with knowledge that it lacked permission to use the Copyrighted Work in this matter.  Plaintiff provides copies of the photograph with the CMI and without the CMI as posted on Defendant's website.  (Dkt. 1, Ex. A, C; Dkt. 17.)

Plaintiff sufficiently alleged and provided evidence that Defendant infringed upon the Copyrighted Work and removed the CMI.  Therefore, the merits of the claims and the sufficiency

---

[1] If plaintiff makes a *prima facie* case of direct infringement, a defendant may avoid liability if "fair use" is established pursuant to 17 U.S.C. § 107.  Fair use includes educational and not for profit uses, e.g., reproduction for criticism, comment, news, reporting, and teaching.  *Id.* Defendant's for profit use to market tours does not fit into the fair use contemplated by section 107. Given the commercial nature of the use by Defendant, the fair use exception does not apply.

of the complaint weigh in favor of entry of default judgment.

### 3. Sum of Money at Stake

The court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct. *Pepisco, Inc. v. California Security Cans,* 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Plaintiff seeks $175,000 in statutory damages for infringement and injunctive relief. Generally, when the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. *Eitel,* 782 F.2d at 1472 (three million dollar judgment supported decision not to enter default judgment). However, as described below, the Court recommends that the statutory damages be adjusted according to the evidence in the record.

### 4. Possibility of Dispute Concerning Material Facts and Whether Default Resulted from Excusable Neglect

Plaintiff presented evidence that Defendant removed the CMI and used the Copyrighted Work without permission. Plaintiff also established that Defendant's general manager admitted to removing the Infringing Work from Defendant's website but refused pay for the use of the Copyrighted Work. The evidence is sufficient to establish that Defendant acted purposefully and that Defendant's conduct was not the result of excusable neglect. Given the unlikelihood of dispute concerning material facts and the improbability of excusable neglect, these factors favor entry of default judgment.

### D. Statutory Damages

Under copyright law, a plaintiff may elect to recover an award of statutory damages. 17 U.S.C. 504(c)(1). A court, in its discretion, can award not less than $750 but not more than $30,000 per copyright infringed. Enhanced damages of up to $150,000 per copyright infringed may be granted on a finding of willful infringement. Plaintiff also seeks $25,000 in story damages for Defendant's violation of the DMCA, according to 17 U.S.C. § 1203(c)(3)(B) which allows damages for violation of Section 1202 in the sum of not less than $2,500 or no more than $25,000.

Plaintiff alleges that Defendant's infringement was willful. Allegations of willful infringement are deemed to be true on default. *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008). Defendant was notified of the infringement and refused to pay for

1  the use of the Copyrighted Work before the filing of the action.  While Defendant's conduct was
2  willful, the Court finds that the request for $150,000 is excessive, particularly given the usual
3  range of Plaintiff's license fees and the promptness in which Defendant removed the Infringing
4  Work from Defendant's website.  "Statutory damages are intended to serve as a deterrent, but that
5  does not justify such a windfall."  *Microsoft,* 2007 WL 1520965, at *4.  Therefore, the Court
6  RECOMMENDS that a default judgment for copyright infringement be entered in the sum of
7  $40,000.00, with an additional $5,000.00 for violation of Section 1202.  These damages, coupled
8  with a permanent injunction, adequately serve the purpose of deterrence and punishment for
9  willful infringement.

### E.     Permanent Injunction

Plaintiff seeks a permanent injunction to prevent future infringement of his copyrights. Under 17 U.S.C. § 502, a court may enter an injunction against a defendant to prevent future copyright infringement.  In order to receive injunctive relief, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *eBay, Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006).  As alleged, Defendant has willfully infringed Plaintiff's Copyrighted Works.   However, Defendant removed the Infringing Works from Defendant's website after this single incident of infringement, and there is no evidence of further infringement.   Given that monetary penalties are sufficient to reward Plaintiff for his loss, the Court RECOMMENDS that the Court DENY the request for a permanent injunction.  (Dkt. 16-14).

### F.     Attorneys' Fees and Costs

Plaintiff requests attorneys' fees and costs as prevailing party.  Recovery of costs and reasonable attorneys' fees may be awarded to the prevailing party in an infringement action in the discretion of the court under 17 U.S.C. § 505.  In *Kirtsaeng v. John Wiley & Sons, Inc.,* the Supreme Court confirmed that there are a number of nonexclusive factors that courts may consider in determining whether a proposed award "advances the Copyright Act's goals."  136 S.Ct. 1979,

1986 (2016). These factors include the objective unreasonableness of the losing party's factual and legal arguments. *Id.* at 1985. Courts must "give substantial weight to the objective reasonableness of the losing party's position." *Id.* at 1983. Here, Defendant failed to assert any position, except for an absolute refusal to consider payment for a license or prior use. Further, given the apparent willfulness of Defendant's conduct, there is no obvious or reasonable rationale that Defendant would have offered for its position. Therefore, Defendant's position was unreasonable.

Courts also looks to the plaintiff's motivation in bringing the action, the reasonableness of his or her position, the degree of success and the need to advance considerations of compensation and deterrence, and the frivolousness of the plaintiff's litigation positions and tactics. *Id.* at 1985. Here, given that a significant portion of Plaintiff's income is the result of licensing fees he receives for the commercial use of his photographs, it was reasonable for him to pursue compensation for the use of the Copyrighted Work. In light of Defendant's unwillingness to negotiate a fee, Plaintiff had no choice but to bring the litigation not only to be compensated, but also to protect the Copyrighted Work from further infringement. Given the circumstances, the Court finds that the Plaintiff's motivation for bringing the action was reasonable and that there is no evidence of frivolousness on the part of Plaintiff as to his positions and tactics.

To calculate attorneys' fees, "the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015). The Court may adjust the loadstar in light of the twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Plaintiff submitted a description of the legal work in this case, a breakdown of the hours

expended, and the attorneys' hourly rates. (Dkt. 16-8 (Dec. of S. Cowley).) Plaintiff incurred fees in the sum $7,877.50 for 22.30 hours of work between September 2016 and January 19, 2017. (*Id.*, ¶7, Ex. C) The fees incurred were at the 2016 "preferred" or reduced rate of $415 an hour for lead associate counsel with 8 years of experience, $395 an hour an associate with 4 years of experience and paralegal assistance at $295 per hour, and does not include charges for time spent by the supervising partner or the assistance of a law clerk. (*Id.*, ¶¶7, 8.) In light of the tasks completed, which were necessary to diligently prosecute the claim, the experience of the attorneys, the scaling of fees based upon experience, the prominence of the law firm, the relative complexity of the issues briefed by counsel, and the rates in the Los Angeles area market, the Court finds that the fees requested are reasonable. Therefore, the Court RECOMMENDS that an award of fees in the sum of $7,877.50.

Plaintiff likewise seeks recovery of costs, for which he provides an itemized list. (*Id.,* ¶6, Ex. A.) Plaintiff finds the following costs allowable: process server and filing fees in the sum of $1,142.83. *See* Civil L.R. 54-3.

Therefore, the Court RECOMMENDS an award of fees and costs in the total sum of $9,020.33.

Finally, Plaintiff seeks post-judgment interest. The award of post-judgment interest is mandatory and shall be recoverable on all aspects of the judgment. *Air Separation, Inc. v. Underwriters at Lloyd's of London,* 45 F.3d 288, 290. (9th Cir. 1995). "Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. 1961(a).

## CONCLUSION

In light of the findings set forth above, this Court RECOMMENDS GRANTING Plaintiff's motion to enter default judgment, GRANTING an award of statutory damages in the amount of $45,000, GRANTING an award of attorney's fees and costs in the amount of $9,020.33, and DENYING the request for a permanent injunction enjoining Defendant and its agents from infringing upon Plaintiff's Copyrighted Work.

**IT IS SO ORDERED**.

Dated: March 3, 2017

_____
SALLIE KIM
United States Magistrate Judge